Filed 10/18/21  P. v. Shaheed CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OMAR DUANE SHAHEED,<br><br>    Defendant and Appellant. | 2d Crim. No. B306340<br>(Super. Ct. No. 2019021596)<br>(Ventura County) |

Omar Duane Shaheed appeals from the judgment after a jury convicted him of dissuading a witness (Pen. Code, § 136.1, subd. (b)(2)).[1]  The trial court sentenced him to 16 months in state prison.  He contends the conviction is not supported by substantial evidence.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Sheriff's deputies responded to a 911 call at I.T.'s apartment.  She had bruises and swelling on her face, a corneal abrasion, a chipped tooth, a bite mark on her finger, bruises on

---

[1] Subsequent statutory references are to the Penal Code.

her neck, and lacerations on her lip that required stiches.  She told deputies her boyfriend, Shaheed, had punched her, threatened her with a knife, bit her finger, and strangled her until she lost consciousness.

Four days later, sheriff's deputies arrested Shaheed for domestic violence against I.T.  She told them she did not want to prosecute.

Shaheed telephoned I.T. from jail.  She said she told police they were "taking away . . . the bread winner of our household."  She told Shaheed, "I don't know but if I have to come to court and say I don't want them to press charges."  He responded, "[Y]ou don't need to go to court at all" and "just stay away from that shit."  He said, "I guess they gonna be looking for you again to try to find you and get you in to be the witness."

When I.T. asked if she had to be a witness if she did not want to, Shaheed replied, "I mean they gonna try to," and, "you gotta stop trying to explain, don't try to explain nothing just stay out the way don't talk to 'em, don't talk to 'em at all 'cause that's what they gonna try to have you do."  He continued, "That's what I'm saying, like, period just don't try to say nothing just stay out the way because [the police are] gonna come try to look for you to try to build a case."

Shaheed told I.T. that "they" were trying to lock him up and "you just gotta steer clear of 'em."  I.T. said, "I've already explained to them I need you and I'm not pressing charges."  Shaheed responded, "Yeah but no there ain't no more explaining just don't say nothing else to 'em they come looking for you just stay clear, don't let 'em see you whatever okay?"  She said that when they call, she would say she did not have time.  Shaheed interrupted her and said, "No just stop answering their shit."

On the day Shaheed was arraigned on domestic violence charges, he made a second call to I.T. She told him the district attorney's office called her and asked if she wanted an order that Shaheed not contact her. He responded, "Why are you talking to them so much though?" He continued, "But stop talking to them though, 'cause then what if they, they start talking to you, like they're gonna try to figure out who had knowledge. So, stop talking to them period." He said, "in a while they're gonna be trying to track you down and be a witness, so just stop talking to them." "[D]on't even be trippin' or fuckin' with them, 'cause they're gonna try to twist me up, you know. Try to ask you all kind of bullshit. And they're already trying to build a case."

I.T. was served with a subpoena for the preliminary examination. In her testimony, she denied Shaheed strangled her, brandished a knife, or punched her. She testified she needed him to help with rent, the car, groceries, gas, and things around the house. She said she did not believe he was trying to prevent her from participating in the prosecution.

I.T. did not appear as a witness at trial. The prosecution presented her preliminary examination testimony, impeached it with her statements to police and evidence of her injuries, and played recordings of the jail phone calls. Shaheed testified that when he told I.T. "Don't talk to them," he was referring to "[w]hoever may get her words misconstrued," including the prosecution.

The jury found Shaheed guilty of dissuading a witness (§ 136.1, subd. (b)(2)) and not guilty of criminal threats (§ 422). The jury deadlocked on the domestic violence charge (§ 273.5, subd. (a)) and that count was dismissed.

3

**DISCUSSION**

Shaheed contends his right to due process was violated because the conviction was not supported by substantial evidence. We disagree.

Dissuading a witness includes "attempt[ing] to prevent or dissuade" the victim or a witness from "[c]ausing a complaint . . . [or] information . . . to be sought and prosecuted, and assisting in the prosecution thereof." (§ 136.1, subd. (b)(2).) A "'victim'" is a person "with respect to whom there is reason to believe that any crime . . . has been perpetrated." (§ 136, subd. (3).) "Dissuade" means "to act (verbally or otherwise) to prevent a witness from testifying." (*People v. Lyons* (1991) 235 Cal.App.3d 1456, 1461.)

The crime of attempting to dissuade a witness is a specific intent crime. (*People v. Young* (2005) 34 Cal.4th 1149, 1210-1211.) "The intent with which a person acts is rarely susceptible of direct proof and usually must be inferred from facts and circumstances surrounding the offense." (*People v. Massie* (2006) 142 Cal.App.4th 365, 371.)

In evaluating whether a judgment is supported by substantial evidence, we review the entire record in the light most favorable to the judgment, presume in support of the judgment every fact that can be reasonably deduced from the evidence, and determine whether any rational finder of fact could have found that the prosecution sustained its burden of proof beyond a reasonable doubt. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) This standard of review satisfies the due process requirements of the Fourteenth Amendment to the United States Constitution as described in *Jackson v. Virginia* (1979) 443 U.S.

4

307, 316-319.  (*People v. Johnson* (1980) 26 Cal.3d 557, 575-578.)[2]

The jail calls provided substantial evidence that Shaheed attempted to dissuade I.T. from testifying at the preliminary examination or from assisting the prosecution to "build a case" against him.  He told her to not talk to them, to avoid service of a subpoena, to not let them see her, and to not go to court.

Shaheed contends he did not attempt to dissuade I.T. from testifying because she did not wish to testify or participate in the prosecution and he merely offered her the advice she requested.  That is a distinction without a difference.  It clearly served his interests to prevent her from providing statements or testimony that would assist the prosecution, even if she had her own financial reasons to not want prosecution.  (See *In re Holmes* (1983) 145 Cal.App.3d 934 [contempt to assist uncooperative witness evade subpoena].)

"A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict." (*People v. Zamudio*, *supra*, 43 Cal.4th at p. 357.)  Because the verdict is supported by substantial evidence, we may not reverse simply because an alternate theory might also be reconciled with the evidence.  (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 162.)

---

[2] Shaheed also cites the due process clause of the Fifth Amendment, which only applies to federal prosecutions. (*Dusenbery v. United States* (2002) 534 U.S. 161, 167; *Bartkus v. Illinois* (1959) 359 U.S. 121, 124.)

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Ferdinand Inumerable, Judge

Superior Court County of Ventura

_____


        Earl E. Conaway, III, under appointment by the Court of Appeal, for Defendant and Appellant.
        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.